SUMMARY ORDER

Petitioner Ze Hui Wang, a native and citizen of the People’s Republic of China, seeks review of a July 16, 2008 order of the BIA affirming the August 29, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ze Hui Wang, No. A098 981 670 (B.I.A. Jul. 16, 2008), aff'g No. A098 981 670 (Immig. Ct. N.Y. City Aug. 29, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determina *414 tions, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
The amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 apply to Wang’s asylum application because it was filed after May 11, 2005. See Pub.L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005). For such applications, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Matter of J-Y-C- 24 I. & N. Dec. 260, 265 (BIA2007).
Substantial evidence supports the IJ’s adverse credibility determination. The IJ drew a negative inference as to Wang’s credibility after observing his demeanor. We defer to the IJ’s finding in that respect. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Moreover, there were several discrepancies between Wang’s testimony and his asylum application. For example, he did not indicate in his asylum application that, as he testified, he hit one of the construction workers who had been building on his family’s property leased from the Chinese government. He also referred to the construction workers as “hired gangsters” in his asylum application. Thus, because the IJ properly observed that Wang was “withholding information,” and Wang did not provide an explanation that would compel a reasonable fact finder to conclude to the contrary, substantial evidence supports the IJ’s adverse credibility determination. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008); Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007).
Because the only evidence of a threat to Wang’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005); cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).